IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CASE NO.: 3:19-CR-65-WKW |
| ) | [WO] |
| STANLEY TERRELL JACKSON  ) | |

**ORDER**

In April 2025, Defendant Stanley Terrell Jackson filed a *pro se* motion (Doc. # 43) to correct alleged errors in the drug calculations in his presentence report (PSR). He contends that the PSR incorrectly includes marijuana weight from an incident in Georgia, which was not charged in the indictment in the Middle District of Alabama. Defendant seeks to have this marijuana weight excluded from the calculations and requests a corresponding sentence reduction, citing 18 U.S.C. § 3582 and Rule 35 of the Federal Rules of Criminal Procedure. (Doc. # 47 at 1–3.) The Government filed a response in opposition. (Doc. # 47.) Because the court lacks jurisdiction to consider the motion, it must be denied.

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)) (further citation omitted), *cert. denied*, 144 S. Ct. 1041 (2024). Under 18 U.S.C. § 3582(c), as relevant here, the court may modify a defendant's sentence in the following circumstances:

(1) If the Bureau of Prisons (BOP) or the defendant files a motion citing "extraordinary and compelling reasons" and the reduction aligns with the policy statements from the Sentencing Commission, as well as with the applicable 18 U.S.C. § 3553(a) factors,[1] § 3582(c)(1)(A)(i);

(2) If "a statute or Federal Rule of Criminal Procedure 35 expressly permits the modification," *United States v. Ragland*, 2025 WL 1742251, at *4 (11th Cir. June 24, 2025) (per curiam) (citing § 3582(c)(1)(B)); or

(3) If "the defendant was sentenced based on a Guidelines range that the Sentencing Commission later lowered and other requirements are met" and other conditions are met, *id.* (citing § 3582(c)(2)).

Defendant has not shown the presence of any qualifying circumstances. First, the BOP has not filed a motion for a sentence reduction, and Defendant has not demonstrated extraordinary and compelling reasons. Second, Rule 35 does not

---

[1] As explained in the Eleventh Circuit's unpublished decision in *United States v. Wise*,

> Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). . . . In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

2023 WL 4446357, at *3 (11th Cir. July 11, 2023) (per curiam).

apply. Namely, the Government has not sought a reduction of Defendant's sentence for substantial assistance. *See* Fed. R. Crim. P. 35(b)(1). Additionally, although Rule 35(a) permits the district court to correct "arithmetical, technical, or other clear error" within fourteen days of sentencing, Fed. R. Crim. P. 35(a), Defendant filed his motion more than five years after his sentencing. *See United States v. Floyd*, 711 F. App'x 558, 561 (11th Cir. 2017) (per curiam) (rejecting Rule 35(a) as a basis to challenge a PSR after the fourteen-day period following sentencing). Third, Defendant has not shown that his sentence was based on a guidelines range subsequently reduced by the Sentencing Commission.[2] As a result, the court lacks jurisdiction to reduce Defendant's sentence.

Accordingly, it is ORDERED that Defendant's *pro se* motion (Doc. # 43) is DENIED for lack of jurisdiction.

DONE this 19th day of September, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, while not raised by Defendant, it should be noted that Rule 36 of the Federal Rules of Criminal Procedure, which addresses clerical and oversight errors, does not apply to the substantive errors alleged. In other words, Rule 36 does not grant jurisdiction to challenge the substantive accuracy of a PSR after the sentence has been imposed. *See United States v. Pryor*, 631 F. App'x 844, 847 (11th Cir. 2015) (per curiam) (holding that Rule 36 was "not an appropriate mechanism for raising . . . substantive challenges" to the defendant's PSR).