IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 3:19-CR-65-WKW |
| | ) [WO] |
| STANLEY TERRELL JACKSON | ) |

**ORDER**

Before the court is Defendant Stanley Terrell Jackson's *pro se* motion requesting the court to grant a reduction of ten months to one year "toward [his] projected release date." (Doc. # 48 at 1–2.) The request is made to facilitate his placement in the Faith Project program, which he describes as a halfway house. Relatedly, he seeks the court's "consent" for his placement in the Faith Project program. (Doc. # 48 at 1.) The Government filed a response in opposition. (Doc. # 51.) The motion will be denied for lack of jurisdiction.

In 2019, Defendant was sentenced to 76 months' imprisonment based upon his guilty plea to charges involving possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[1] (Docs. # 21, 38.) According to the Inmate Locator website operated by the Federal

---

[1] The 76-month term was ordered to run consecutively to his state sentence. (Doc. # 38 at 2.)

Bureau of Prisons (BOP), Defendant's projected release date is November 3, 2026.[2] *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 12, 2025).

As explained in the September 19, 2025 Order (Doc. # 49) denying Defendant's earlier motion for a sentence reduction based on alleged errors in the presentence report's drug calculations, "federal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing 18 U.S.C. § 3582(c)) (further citation omitted), *cert. denied*, 144 S. Ct. 1041 (2024). Defendant's requests do not meet any of the statutorily authorized circumstances. (*See* Doc. # 49 at 1–2.)  As a result, the court lacks jurisdiction to reduce Defendant's sentence.

Additionally, the court may only offer nonbinding recommendations to the BOP regarding placement in a halfway house.  *See United States v. Groover*, 844 F. App'x 185, 189 (11th Cir. 2021) (per curiam) (explaining that, although federal law permits district courts to recommend home confinement (or other types of penal

---

[2] The court takes judicial notice of the public records maintained on the BOP's website.  *See* Fed. R. Evid. 201(c); *see also Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017) ("[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites."); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP's publicly accessible Inmate Locator records).

or correctional facilities) to the BOP, those recommendations are non-binding (citing 18 U.S.C. § 3621(b)(4)). In this instance, the court declines to make a recommendation for Defendant's placement in the Faith Project program, recognizing that the BOP is better positioned to assess whether such placement is authorized or appropriate for this Defendant.

Based on the foregoing, it is ORDERED that Defendant's *pro se* motion (Doc. # 48) is DENIED for lack of jurisdiction.

DONE this 12th day of November, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
